UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN KOKONA and
MARIKA KOKONA,

       Plaintiffs,

vs.

Case No. 12-CV-15459

HON. GEORGE CARAM STEEH

BANK OF AMERICA, N.A.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)  (DOC. # 6)

### INTRODUCTION

Plaintiffs Adrian and Marika Kokona filed suit against the Bank of America, N.A., ("BANA"), purchaser of the deed to their home at a Sheriff's foreclosure sale, asserting various claims relating to the mortgage and foreclosure process.  The matter is before the court on defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss, to which plaintiffs have not filed a response.  The court finds that oral argument would not aid in the decisional process; therefore, it is hereby ORDERED pursuant to E.D. Mich. LR 7.1(e)(2) that the motion will be decided on the briefs.  For the reasons given below, the motion is granted.

### BACKGROUND

On June 16, 2004, plaintiffs Adrian and Marika Kokona executed a mortgage and associated promissory note in the amount of $176,000 in favor of non-party Omega

-1-

Mortgage Corporation. The mortgage encumbered property located at 22842 Newberry Street, St. Clair Shores, Michigan, and was recorded on July 28, 2004. The mortgage was assigned by Omega to BAC Home Loans Servicing, L.P., on September 14, 2009, and that assignment was recorded later that month. Defendant BANA is the successor by merger to BAC Home Loans Servicing, L.P.

The Kokonas defaulted on the note, and foreclosure commenced. Defendant purchased the property at a sheriff's sale on April 26, 2012. The property was then conveyed from BANA to Fannie Mae by quit claim deed on June 7, 2012. No redemption was made within the statutory period, which expired October 26, 2012. However, this action was filed in the Macomb County Circuit Court on October 18, 2012 and removed to this court thereafter on the basis of diversity of jurisdiction. Defendant's motion to dismiss is now before the court for disposition.

## STANDARD

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are

true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555).

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Amini v. Oberlin College, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id.

## DISCUSSION

Both plaintiffs' complaint and their response to the motion now before the court are largely from pleadings filed by counsel for plaintiffs, who has filed scores of similar actions in this district and who has been sanctioned in this district for failing to attend hearings and otherwise respond to the court. The generic pleadings routinely filed by this attorney in these mortgage cases are not tailored to the plaintiffs' specific situations, and the undersigned finds that even the most lenient pleading standards required to meet Fed. R. Civ. P. 8 have arguably not been met in the case at bar. A brief examination of the claims follows.

Plaintiffs enumerate five counts in their complaint: "Quiet Title" (Count I); Assignment of the Mortgage without the Note (Count II); Unjust Enrichment (Count III); Breach of Implied Agreement/Specific Performance (Count IV); and Breach of MCL 3205(c). Defendant has moved to dismiss all of plaintiffs' claims.

Michigan courts have held that once a redemption period has expired, a plaintiff lacks standing under Michigan law to challenge a foreclosure sale. See Page v. Everhome Mortgage Co., 2012 WL 3640304 at *2 (Mich. Ct. App. Aug. 23, 2012); Overton v. Mortgage Electronic Registration System, Inc., 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). Federal courts in this district have considered and rejected the disposition of such claims on the basis of "standing," stating, for instance, that "Overton is best viewed as a merits decision, not a standing case." Langley v. Chase Home Fin. LLC, 2011 WL 1130926 at *2 (W.D. Mich., Mar. 28, 2011) (Jonker, J.). It is settled, however, that following the redemption period, a plaintiff may not challenge the foreclosure sale absent a "clear showing of fraud, or irregularity." Awad v. Gen. Motors Acceptance Corp., 2012 WL 1415166 at *1 (Mich. Ct. App. April 24, 2012).

A close examination of the brief and generic complaint filed in this case shows it to be very similar to, if not identical to, a number of complaints dismissed to date in the district. Plaintiffs first assert only 10 one line "paragraphs" describing their particular situation. In that background section, plaintiffs state their names and county and state of residence, assert they claim a "fee simple absolute" interest in the property by way of warranty deed, and state they are living in the subject property. Plaintiffs then state that they "attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property," and that a Sheriff's Sale was held on April 26, 2012. They then state that the redemption period has expired, that they were not able to "continue with the Settlement process," and assert that the court must order that defendant "continue the processing of the Loan Modification and/or negotiate in good faith a settlement on

the subject property so that the Plaintiff can enter into a Loan Modification." Complaint, ¶¶ 1-10.

Count I follows this generic pleading with allegations no more specific than those that preceded it. Here plaintiffs allege that "the action of the Defendants was intentionally designed to preclude the Plaintiff from entering into a Loan Modification or a negotiated Settlement," that "Plaintiff's (sic-this should be Defendant) made false and misleading representations of material facts in connection with the loan modification process and status," that "Defendants (sic–this should be Plaintiffs) relied on their material representations, that the loan modification would prevent foreclosure on said property...." Complaint, ¶¶ 12-14.

While Count II, as is true for the remaining counts, incorporates the previous paragraphs, Count II (entitled "Assignment of the Mortgage without the Note") does not appear to rely on any of the alleged generic fraudulent behavior in its allegations. However, each of the remaining claims–i.e. unjust enrichment, breach of implied agreement/specific performance, and breach of Mich. Comp. Laws § 3205( c), is based on the alleged misrepresentations of defendant claimed by plaintiff. It is these alleged misrepresentations that plaintiffs assert caused them to lose their home to foreclosure. Plaintiffs assert that the misrepresentations did not conform to Michigan law (Count V); unjustly enriched defendant (Count III); breached a contract with plaintiffs (Count IV); and entitles them to quiet title.

A pleading of fraud or misrepresentation is subject to a heightened pleading standard under Fed. R. Civ. P. 9(b). The circumstances around the fraud must be described with particularity. See Jackson v. Segwick Claims Management Services,

Inc., 699 F.3d 466 (6th Cir. 2012). "This includes alleging the 'time, place and content' of the fraudulent acts, the existence of a fraudulent scheme, the intent of the participants in the scheme, and 'the injury resulting from the fraud.'" Id. (quoting Heinrich v. Waiting Angels Adoption Servs., Inc., 668 F.3d 393, 403 (6th Cir. 2012).

As noted above, the court questions whether plaintiffs' form pleading even meets the requirements of Fed. R. Civ. P. 8. It is certain that the allegations come nowhere close to meeting the standard of Fed. R. Civ. P. 9(b). Moreover, given that plaintiffs have provided only the most conclusory allegations of fraud or irregularity in the foreclosure process, their ability to challenge that process has likewise been foreclosed. See Awad, 2012 WL 1415166 at *1. Defendant is entitled to dismissal of each of these counts for failure to state a claim.

Count II ("Assignment of the Mortgage without the Note"), which the court will address separately, contains plaintiffs' equally vague and confusing allegations that plaintiffs "requested authenticated copies showing the existence of said promissory note but the defendant has failed to produce them." Plaintiffs also assert that they did not owe payments to defendant on the basis that they had no contract with defendant requiring payments. As defendant argues, under Michigan law, any alleged transfer of the promissory note without the mortgage would not have absolved the plaintiffs from their payment obligations and did not change their obligations under the mortgage. See Residential Funding Co. v. Saurman, 490 Mich. 909 at 910, 805 N.W.2d 183 (Mich. 2011). The court also notes that under Michigan statutory law, there is no requirement that the note be provided to the borrower as a condition of foreclosure. See Mich.

Comp. Laws Ann. § 600.3204.  Defendant is entitled to a ruling in its favor on this claim as well.

## CONCLUSION

For the foregoing reasons, the defendant's motion is hereby **GRANTED**.  The complaint will be dismissed in its entirety and judgment will enter for defendant.

**IT IS SO ORDERED**.

Dated:  March 11, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---